## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DUISHONBEK YSKAKUULU,** | : | **CIVIL ACTION** |
| | : | |
| Petitioner, | : | |
| | : | |
| **v.** | : | |
| | : | **No. 26-909** |
| **JAMAL L. JAMISON, in his official** | : | |
| **Capacity as the Warden of the Philadelphia** | : | |
| **Federal Detention Center; MICHAEL T.** | : | |
| **ROSE, Acting Field Office Director of** | : | |
| **Enforcement and Removal Operations,** | : | |
| **Philadelphia Field Office, Immigration** | : | |
| **Customs and Enforcement,** | : | |
| | : | |
| Respondents. | : | |

### ORDER

**AND NOW,** this 17th day of February, 2026, upon consideration of **DUISHONBEK YSKAKUULU's** Emergency Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1), Respondents' opposition thereto, and Petitioner's Reply, it is hereby **ORDERED** that the petition is **GRANTED.**[1] It is further **ORDERED** as follows:

1.      Duishonbek Yskakuulu is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.      The government **SHALL RELEASE** Duishonbek Yskakuulu from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than February 18, 2026 at 5:00 P.M. E.S.T.

3.      Upon Duishonbek Yskakuulu's release, Respondents shall return all of Petitioner Duishonbek Yskakuulu's personal belongings confiscated upon his detention, including identification documents.

4.      The government is temporarily enjoined from re-detaining Duishonbek Yskakuulu for seven days following his release from custody.

5.      If the government pursues re-detention of Duishonbek Yskakuulu, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Duishonbek Yskakuulu, a Russian citizen, entered the United States on April 22, 2023. ECF No. 1 ¶ 2. He was detained by the Department of Homeland Security (DHS) and released on humanitarian parole because DHS determined he was not a flight risk or a danger to the community. *Id.* On April 22, 2023, DHS issued Mr. Yskakuulu a Notice to Appear ("NTA") and placed him in removal proceedings under 8 U.S.C. § 1229a. *Id.* ¶ 41; *Id.* at Ex. A. Thereafter, Mr. Yskakuulu filed a timely application for asylum based on his fear of persecution in Russia. *Id.* ¶ 42. Since entering the United States, Mr. Yskakuulu has obtained lawful work authorization and has resided in Philadelphia where he works to support his family. *Id.* ¶ 43. Mr. Yskakuulu has no criminal record. *Id.* ¶ 46; ECF No. 4-2 at 3.

On February 11, 2026, Mr. Yskakuulu went to his routine check-in appointment in compliance with his conditions of release. ECF No. 1 ¶ 44. There, Immigrations and Customs Enforcement (ICE) agents detained him, effectively revoking his parole and detaining him under 8 U.S.C. § 1225. *Id.* ICE provided no notice or justification for Mr. Yskakuulu's re-detention. *Id.* ¶¶ 45, 48–50. On the same day, Mr. Yskakuulu petitioned this Court for a writ of habeas corpus, asserting his re-detention without notice or a hearing violates his right to Due Process. *Id.* On February 12, 2026, the Court ordered Respondents to show cause within three days pursuant to 28 U.S.C. § 2243. Respondents timely filed an Answer to the Petition on February 13, 2026, arguing Mr. Yskakuulu is properly detained under 8 U.S.C. § 1225(b)(2)(A), he is an inadmissible arriving alien subject to mandatory detention, and his detention does not violate Due Process. ECF No. 4 at 5. Petitioner filed a response on February 17, 2026. ECF No. 6. This Court, like

a striking majority of district courts across the country, disagrees and incorporates by reference its reasoning set forth in *Picon v. O'Neill*, No. 25-6731, 2025, WL 3634212, at *4–5 (E.D. Pa. Dec. 15, 2025), as well as the reasoning set forth by its colleagues in *Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025), and *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an **applicant for admission**, if the examining officer determines that an alien **seeking admission** is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). This requires that Mr. Yskakuulu be **both** an applicant for admission **and** actively seeking admission. *Kashranov*, 2025 WL 3188399, at *6. Respondents contend that Mr. Yskakuulu is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because upon the expiration of his parole on April 20, 2024, he must be "returned to the custody from which he was paroled." ECF No. 4 at 9 (quoting 8 U.S.C. § 1182(d)(5)(A)). This means, Respondents argue, that when his parole expired, he became again an "applicant for admission" under § 1225(b). They argue, as they have in hundreds of other cases before courts across the country, that an "applicant for admission" is necessarily "seeking admission." *See* ECF No. 4 at 6. This argument is contrary to traditional principles of statutory interpretation, and this Court once again rejects Respondents' position.

Respondents' reliance on § 1182(d)(5)(A) is misplaced. Under § 1182(d)(5)(A), a parolee must "return or be returned to the custody from which he was paroled" after the Secretary of DHS determines the purposes of parole have been served. "There is no language in the text about a parolee returning to the position of an 'applicant for admission' at the threshold of entry, as § 1225(b) describes." *A-J-R v. Rokosky*, No. 25-17279, 2026 WL 25056, at *5 (D.N.J. Jan. 5, 2026); *Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628, at 2 (D.N.J. Dec. 3, 2025) ("[Section] 1182(d)(5)(A) does **not** state that a parolee returns to the position of an applicant for admission standing at the threshold of entry, or that he reverts to the status he possessed prior to the grant of parole . . . ." (cleaned up)). Respondents make no argument that the purposes of Mr. Yskakuulu's parole have been served or that DHS has made such a determination. Indeed, Mr. Yskakuulu was paroled for humanitarian reasons after DHS deemed him to be neither a flight risk nor a danger to the community. ECF No. 1 ¶ 40. Mr. Yskakuulu's timely filed application for asylum has not yet been considered, and Petitioner argues the purpose of his parole—to apply for asylum—has not been accomplished. ECF No. 6 at 9.

Respondents do not argue the expiration of Mr. Yskakuulu's parole returned him to the status of actively "seeking admission" as defined by this Court and the numerous courts around the country. Regardless, even assuming, *arguendo*, the expiration of Mr. Yskakuulu's parole on April 20, 2024, returned him to the status of an arriving alien who was also seeking admission, Mr. Yskakuulu has lived in the United States for almost twenty-two months since his parole expired. Therefore, even if he had been "seeking admission" on April 20, 2024, he is no longer actively "seeking admission" now. *See Kashranov*, 2025 WL 3188399, at *6 ("'[S]eeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization."). Accordingly, Mr. Yskakuulu is not subject to mandatory detention under § 1225(b)(2)(A), and his detention without a bond hearing pursuant to § 1226 is unlawful.

Once again, this Court reiterates that the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the government from depriving individuals of their liberty without due process, extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). And non-citizens like Mr. Yskakuulu, who have been in the United States for an extended period of time, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because that Section applies only to non-citizens who are both an "applicant for admission" and "seeking admission." *Id.* at *5.

The Fifth Circuit's recent opinion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), does not change this Court's opinion. First, the Fifth Circuit's opinion is not binding on this Court. Second, this Court finds the Fifth Circuit's analysis unpersuasive and contrary to traditional principles of statutory interpretation. *See Kashranov*, 2025 WL 3188399, at *6–7 ("Treating the phrases ['applicant for admission' and 'seeking admission'] as identical would render one entirely meaningless. That is the very definition of surplusage. *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). Congress chose its words deliberately, and I must respect that choice.").

3

At this juncture, it should come as no surprise to Respondents that they have violated Mr. Yskakuulu's constitutional right to due process and that they must release him from detention immediately.